IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60334
Summary Calendar
_____

RETHA J. HARRELL,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(4:99-CV-135-LG)
--------------------
December 17, 2001

Before HIGGINBOTHAM, WIENER, AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Retha J. Harrell appeals the district court's dismissal of her 42 U.S.C. § 405(g) lawsuit seeking review of the denial of disability benefits and supplemental security income. Harrell argues that the decision issued by the Administrative Law Judge (ALJ) was contrary to the weight of the law and evidence and that the ALJ applied the wrong legal standards in determining that Harrell was not fully credible regarding her subjective complaints.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Our review of the ALJ's decision "is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied." Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

The ALJ considered all of the evidence presented at the administrative hearing as well as all of Harrell's medical records and subjective complaints. The ALJ determined that although Harrell had severe impairments, she was still capable of performing substantial gainful activity. These findings are supported by substantial evidence. See Johnson, 864 F.2d at 343-44.

Furthermore, the ALJ has primary responsibility for assessing the credibility of the claimant's subjective complaints. See Harrell v. Bowen, 862 F.2d 471, 480 (5th Cir. 1988). In this matter, the ALJ properly considered Harrell's subjective complaints and determined that the objective medical evidence and her testimony regarding her daily activities were inconsistent with her subjective complaints. It was within the ALJ's discretion to make such determination. See Griego v. Sullivan, 940 F.2d 942, 945 (5th Cir. 1991).

Accordingly, the judgment of the district court is AFFIRMED.